UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-260 |
| JAMES L. EARLS, JR. | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion in limine in support of the introduction of evidence of defendant's flight following indictment at trial filed by the United States. Rec. Doc. 136. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be partially granted and partially denied for the following reasons.

The record reflects that a indictment was returned and immediately sealed on August 21, 2009, and was unsealed on August 26, 2009. Rec. Docs 1, 5, 6. The defendant was not in custody at the time of indictment and was not arrested until March 2011. Rec. Doc. 97. The government seeks to introduce evidence from DEA agents as to their efforts to arrest the defendant in August 2009 and evidence from West Monroe police officers as to the defendant's arrest and flight in March 2011, along with the defendant's alleged admission to a DEA officer that he knew he was wanted for a distribution charge. The defendant argues in opposition that the government has not

1

demonstrated a connection between the time of the original flight and the date of the crime, and the defendant could not have been aware of the indictment because it was initially sealed.

There appears to be no dispute that the <u>evidence</u> sought to be introduced is admissible. "The government correctly points out that evidence of an accused's flight is generally admissible as tending to establish his guilt." *United States v. Williams*, 775 F.2d 1295, 1300 (5th Cir. 1985). Instead, the issue presented in this motion appears to concern the propriety of the "flight instruction" that intentional flight can provide an inference of guilt.[1] *United States v. Templeton*, 624 F.3d 215, 225 (5th Cir. 2010). That instruction is properly given when the evidence supports four inferences: (1) the defendant's conduct constituted flight; (2) the defendant's flight was the result of consciousness of guilt; (3) the defendant's guilt related to the crime with which he was charged; and (4) the defendant felt guilty about the crime charged because he, in fact, committed the crime. *Id.; United States v. Martinez,* 190 F.3d 673, 678 (5th Cir. 1999).

The government argues that its evidence does support the four inferences required for a flight instruction first, because Earls was indicted in connection with federal and state charges involving numerous narcotics dealers who were arrested shortly after indictment, while Earls was ultimately arrested after hiding under a house

---

[1]The government includes a version of this instruction in its proposed jury instructions. Rec. Doc. 149 at 3-4.

fleeing police months later.  The government argues that his alleged admission that he knew he was wanted by law enforcement for distribution reflects his consciousness of guilt for the crimes charges in this matter.  The government argues that the inference that Earls felt guilty about the crime charged because he committed the crime is established by virtue of the evidence that Earls' identity was confirmed by a photograph shown to the undercover office on one occasion and that Earls' identity was recorded by a confidential source on a second occasion.  Rec. Doc. 136.

The defendant argues that evidence is lacking that his absence from Houma was "flight" or that Earls was aware of the existence of these charges, negating any inference that the flight was the result of consciousness of guilt for the charges herein.  Earls includes testimony from his mother to the effect that in 2009 some law enforcement officers came to her residence and told her only that they were looking for her son.

For purposes of the *Templeton* analysis, this Court finds that the proposed evidence does not sufficiently support the proposed jury charge due, in large part, to the seal initially placed on the indictment at the time of the initial arrest attempt and the apparently numerous federal and state charges pending against the defendant at relevant times.

In addition, this Court questions the appropriateness of giving the charge absent special circumstances not present here, as discussed in *United States v. Mundy*, 539 F.3d

154 (2nd Cir. 2008). "[T]he inferences to be drawn from the evidence are more appropriately communicated to the jury by counsel in summation than by the judge's instruction on the law." *Id. at* 157. "Whether inferences should be drawn from the evidence, and if so, which inferences, are matters of logic and experience – not of law. Absent unusual circumstances, what inferences are suggested, or conclusively established, by the evidence are matters to be argued to the jury by counsel." *Id.* "In contemporary administration of justice, what conclusions should, or should not, be drawn from the evidence are generally left to counsel to argue." *Id.* "Absent special circumstances, where there is an objection to the request for the instruction, it is not clear to us that any benefit from the giving of the instruction outweighs the potential harms." *Id.*

Accordingly, IT IS ORDERED that the motion in limine in support of the introduction of evidence of defendant's flight following indictment at trial filed by the United States is PARTIALLY GRANTED as to the admission of the evidence and PARTIALLY DENIED as to the proposed special jury instruction. Rec. Doc. 136.

New Orleans, Louisiana, this 3rd day of February, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE